UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARLA MARTINS, Individually and as *Administrator Ad Prosequendum* for the Estate of Briana Martins, Decedent; MARCELO COSTA; G.E., a minor, by and through her grandmother, legal and natural guardian, and next friend, MARLA MARTINS; and TATIANA MARTINS,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

CASE NO. 15-cv-21124-MARTINEZ/GOODMAN

## DEFENDANT ROYAL CARIBBEAN CRUISES LTD.'S MOTION TO QUASH THE PLAINTIFF'S TRIAL SUBPOENAS DIRECTED TO NON-PARTY WITNESSES BENJAMIN MARC SHORE, BRADLEY H. STEIN AND ARTHUR L. DISKIN

Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter "RCCL"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 45(b)(1) and 45(d)(3), hereby files this Motion to Quash the Plaintiff's Trial Subpoenas Directed to Non-Party Witnesses Benjamin Marc Shore, Bradley H. Stein and Arthur L. Diskin. As grounds therefor, RCCL states as follows:

    1.    On October 16, 2017, Plaintiff secured Trial Subpoenas directed to Non-Party Witnesses Benjamin Marc Shore, Bradley H. Stein and Arthur L. Diskin. [Composite Exhibit 1].

    2.    Those three Trial Subpoenas were *delivered by the United States Postal Service via Priority Mail Express* to Defendant RCCL's Legal Department in Miami, Florida on November 1, 2017. [Exhibit 2].

3. Upon information and belief: (a) Arthur L. Diskin is not an employee of RCCL; (b) Bradley H. Stein is currently out-of-town; and, (c) the whereabouts of Benjamin Marc Shore are unknown at the present time.

4. To date, there is *no evidence that Plaintiff has effected personal service* of the Trial Subpoenas upon any of the subject non-party witnesses.

5. Federal Rule of Civil Procedure 45 governs service of subpoenas upon nonparties. Subpart (b)(1) provides in relevant part:

> Any person who is at least 18 years old and not a party may serve a subpoena. ***Serving a subpoena requires delivering a copy to the named person*** and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Fed. R. Civ. P. 45(b)(1) (emphasis added).

6. Service under Rule 45(b)(1) must be personal to the named individual pursuant to the following authorities. Plaintiff's patent failure to comply with the governing precedent therefore requires the quashing of all three Trial Subpoenas.

7. The district court in In Re Matter Under Investigation by Grand Jury No. 1, No. 10-81252-MC, 2011 WL 761234 (S.D. Fla. Feb. 24, 2011), was presented with the issue of "whether service of a subpoena on a non-party individual must be accomplished by ***in-hand personal delivery*** to the named individual." Id. at *1 (emphasis added). The court reviewed the case law from several jurisdictions on the issue of whether Rule 45(b) requires subpoenas to be personally served and ultimately concluded that personal service is required pursuant to Rule 45(b). "This Court agrees with the Magistrate Judge and the majority of courts that have addressed this issue in concluding that service under Rule 45(b)(1) must be personal to the named individual." Id. at *2.

CASE NO. 15-cv-21124-MARTINEZ/GOODMAN

8. Similarly, in Rinker v. Carnival Corporation, No. 09-23154-CIV, 2011 WL 13173047, at *2 (S.D. Fla. Oct. 20, 2011), the court held that service of a subpoena by certified mail upon the plaintiff was deficient under Rule 45 and therefore quashed the subpoena. In so ruling, the Rinker court stated it was applying the Circuit's "majority rule requiring personal service pursuant to Rule 45(b)" and cited to MAC Funding Corp. v. ASAP Graphics, Inc., 2009 WL 1564236, No. 08-61785-MC (S.D. Fla. June 3, 2009); Lake Shore Radiator, Inc. v. Radiator Express Warehouse, 2007 WL 842989, No. 3:05-CV-1232-J-12MCR (M.D. Fla. Mar. 19, 2007); and, Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc., 211 F.R.D. 685 (N.D. Ga. 2002). Id.

9. This District in Pride Family Brands, Inc. v. Carls Patio, Inc., No. 12–21783–CIV, 2013 WL 4647216, at *3 (S.D. Fla. Aug. 29, 2013), likewise held that service by mail of a subpoena on a non-party at the defendant corporation's offices was "improper" and quashed the subpoena.[1]

10. The persuasive authority of Wright & Miller on Federal Civil Procedure states that the "longstanding interpretation of Rule 45 has been that personal service of subpoenas is required," based on the literal construction of the word "delivering" in the Rule:

> The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been *construed literally*. Under this construction, contrary to the practice with regard to the service of a summons and complaint, it is not

---

[1] Service via Federal Express is likewise defective. *See* Securities and Exchange Commission v. Rex Venture Group, LLC, No: 5:13–MC–004–WTH–PRL, 2013 WL 12167921, at *1 (M.D. Fla. Feb. 15, 2013) (refusing to compel a non-party to comply with a Rule 45 subpoena served via Federal Express. In the court's opinion, service of a subpoena via Federal Express does not constitute service that is "in compliance with Rule 45(b)(1)"); Monex Financial Services Ltd. v. Nova Information Systems, Inc., No. 6:08-mc-137-Orl-31KRS, 2008 WL 5235135, at *2 (M.D. Fla. Dec. 15, 20080 (concluding that plaintiffs failed to establish effective service of a subpoena delivered via Federal Express).

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

> sufficient to leave a copy of the subpoena at the dwelling place of the witness.

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed. 2010) (emphasis added).

11. Furthermore, binding precedent in this District holds that service of a subpoena upon a witness's attorney, instead of the witness himself, is ineffective. *See* Harrison v. Prather, 404 F.2d 267, 273 (5th Cir. 1968)[2]; 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed. 2010) ("[U]nlike service of most litigation papers after the summons and complaint, service [of a subpoena] on a person's lawyer will not suffice.").

12. Based on the foregoing authorities, the Trial Subpoenas directed to non-party witnesses Benjamin Marc Shore, Bradley H. Stein and Arthur L. Diskin were *not* served in compliance with the requirements of Rule 45(b)(1) and should therefore be quashed.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES LTD., respectfully requests that the Court to enter an Order granting this Motion to Quash and quashing the Plaintiff's Trial Subpoenas Directed to Non-Party Witnesses Benjamin Marc Shore, Bradley H. Stein and Arthur L. Diskin.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

In accordance with Local Rule 7.1(A)(3), the undersigned counsel certifies that he has sent Marla Martins a copy of this motion and she had not responded to the same or our email inquiry after receipt of her order of witness list.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

CASE NO. 15-cv-21124-MARTINEZ/GOODMAN

- 5 -

Respectfully submitted,

*/s/ Christopher E. Knight*
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com
Esther E. Galicia
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

CASE NO. 15-cv-21124-MARTINEZ/GOODMAN

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      */s/ Christopher E. Knight*
      Christopher E. Knight
      Fla. Bar No. 607363

CASE NO. 15-cv-21124-MARTINEZ/GOODMAN

- 7 -

## SERVICE LIST

| | |
|---|---|
| Alan P. Dagen, Esq.<br>The Law Offices of Alan P. Dagen, P.A.<br>746 Heritage Drive<br>Weston, FL 33326<br>E-Mail: alan@litigationlawyerattorney.com<br>Telephone: (954) 389-8605<br>Facsimile: (954) 337-3250 | Ms. Marla Martins<br>7687 Forestay Drive<br>Lake Worth, FL 33467<br>E-Mail: marlamartins88@yahoo.com |