**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-21124-CIV-GOODMAN**
**[CONSENT CASE]**

MARLA MARTINS, et al.,

       Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

       Defendant.

_____/

## ORDER DISMISSING CASE WITH PREJUDICE

This Order dismisses with prejudice a wrongful death lawsuit filed against a cruise ship operator under the Death on the High Seas Act (DOHSA) by a mother whose minor daughter died aboard a cruise ship. Specifically, the Undersigned **grants** Defendant Royal Caribbean Cruises, Ltd.'s ("Royal Caribbean" or "RCCL") motion to dismiss with prejudice Plaintiff's Amended Complaint, brought by Plaintiff Marla Martins. [ECF No. 295].

Myriad reasons support the with-prejudice dismissal, and they will all be outlined in this Order. For present introductory purposes, though, the Court is entering a with-prejudice dismissal because Ms. Martins failed to proceed with the previously scheduled trial, violated several Court orders entered in the weeks leading up to the

trial, refused to participate in the Court-ordered pretrial stipulation, failed to attend the scheduled pretrial conference, and failed to file her exhibit and witness lists (or announce her intent to use earlier-filed lists) despite specific orders requiring her to submit the filings. Ms. Martins filed a response to RCCL's motion to dismiss with prejudice, RCCL filed a reply, and then Ms. Martins filed an unauthorized supplemental memorandum. [ECF Nos. 299-301].

At bottom, RCCL has already been substantially prejudiced by Ms. Martins' failures to be ready for trial and violations of Court orders. Another **without-prejudice** dismissal would be inadequate to provide a meaningful remedy, would reward bad behavior, and would encourage Ms. Martins to continue to act with impunity by flouting Court orders.

## Factual and Procedural Background

This action arises out of the death of Briana Martins while she was a passenger aboard the RCCL cruise ship *Explorer of the Seas* in August 2013. Ms. Martins alleges that her daughter Briana ingested bacteria-ridden food while aboard the ship and developed Salmonellosis. [ECF No. 222 at ¶ 46]. Plaintiff alleges that Briana was taken to the shipboard medical facility with complaints of vomiting, abdominal cramps, and diarrhea. [ECF No. 222 at ¶ 47]. Plaintiff alleges that the ship's doctors and nurses failed to properly diagnose and treat Briana's condition and that RCCL failed to arrange for a medical disembarkation in Haiti. [ECF No. 222 at ¶¶ 49-62, 88]. Plaintiff contends that,

because of RCCL's negligence, Briana died on the ship as a result of peritonitis due to a small bowel anastomotic site perforation. [ECF No. 222 at ¶¶ 74, 88].

Marla Martins, Briana, Marcelo (Ms. Martins' husband), G.E. (a minor child of Ms. Martins), and Tatiana Martins (another daughter of Ms. Martins) boarded the *Explorer of the Seas* on August 22, 2013. [ECF No. 222]. Briana was taken to the infirmary on the *Explorer of the Seas* at 10:50 p.m. on August 27, 2013 and again at approximately 2:30 a.m. on August 28, 2013. *Id.* Briana died on the ship on August 28, 2013. [ECF No. 222].

Plaintiffs filed a seven-count complaint alleging wrongful death under DOHSA (Count I); alternative wrongful death under DOHSA based upon apparent agency (Count II); negligent hiring, retention, and training (Count III); and negligent infliction of emotional distress ("NIED") for Marla, Marcelo, G.E., and Tatiana (Counts IV-VII). [ECF No. 1]. The Court dismissed Count III, leaving six counts. [ECF No. 30].

On August 1, 2016, Royal Caribbean filed a summary judgment motion. [ECF No. 53]. Plaintiffs filed an opposition response [ECF No. 69] and Royal Caribbean filed its reply on August 18, 2016 [ECF No. 73]. With leave of Court, Plaintiffs filed a sur-reply. [ECF No. 81]. The Court granted RCCL's summary judgment motion in large part. [ECF No. 90]. The Court permitted Ms. Martins to proceed to trial on Counts I and II, but all other claims for her and the other Plaintiffs were precluded. [ECF No. 90, p. 2]. The Court ruled in RCCL's favor on the NIED claims. [ECF No. 90, p. 49].

Almost a month after the summary judgment ruling, on November 29, 2016, Plaintiffs' counsel filed a motion for "court guidance," advising that Ms. Martins agreed to settle the case on behalf of herself and all other Plaintiffs. [ECF No. 91]. The motion explained that Ms. Martins and the other Plaintiffs were refusing to sign the Closing Statement and the Release. The motion asked for leave to execute the Release on behalf of the Plaintiffs and to allocate the $500,000 in settlement funds as detailed in the Closing Statement.

RCCL then filed a motion to enforce the settlement agreement and for sanctions against Ms. Martins [ECF No. 96], who later that same day filed, in a *pro se* capacity, a "Declaration Statement of Plaintiff in Opposition to Motion for Guidance" [ECF No. 98]. Plaintiffs' counsel then filed a motion to withdraw [ECF No. 101], which was granted [ECF No. 102].

Ms. Martins filed an opposition response to RCCL's motion to enforce the settlement agreement. [ECF No. 104].

The Court held an evidentiary hearing on the motion to enforce the settlement agreement and denied RCCL's motion in a 45-page order. [ECF Nos. 122; 131].

Although Ms. Martins was represented by (new) counsel at the evidentiary hearing, that attorney's participation was limited to the motion to enforce, and Ms. Martins began to represent herself after the ruling that denied RCCL's motion to enforce the settlement agreement.

Trial was initially set for November 6, 2017. [ECF No. 137]. On that very date, however, Plaintiff requested that this Court continue the trial, but the Court denied the request. [ECF Nos. 182; 186, pp. 9-10, 19-20]. Plaintiff advised the Court that she was not prepared to go forward with the trial on that date. [ECF No. 186, p. 20]. At the time of her surprise[1] announcement, a panel of prospective jurors was lined up in the hallway outside of the courtroom, waiting to be brought in to begin jury selection. [ECF No. 176]. RCCL then moved to dismiss the case with prejudice for failure to prosecute. [ECF No. 176]. This Court granted RCCL's motion and entered a final judgment in RCCL's favor. [ECF Nos. 176; 183].

Plaintiff filed a motion to amend or correct the final judgment under Rule 59 of the Federal Rules of Civil Procedure and argued that this Court's denial of her request for a trial continuance was an abuse of discretion and a manifest error of law. [ECF No.

---

[1] The announcement was unexpected and inconsistent with Ms. Martins' conduct before trial. As explained in an earlier order, Ms. Martin took many steps to acknowledge her intent to proceed with trial on the specially set trial date. [ECF No. 180, p. 2]. She filed motions, including motions to use a flip board at trial, and deposition designations. [ECF Nos. 138; 141; 144-50]. She also participated in pre-trial hearings, such as the hearing held on October 23, 2017, and a final pre-trial conference, held on November 2, 2017. [ECF Nos. 152; 166]. That final pre-trial conference lasted one hour and 15 minutes. [ECF No. 166]. At that hearing, Ms. Martins asked for permission to bring electronic equipment into the courtroom for trial, and the Court entered an order permitting her to do that. [ECF No. 168]. She also filed seven separate submissions concerning her designations of myriad deposition transcripts (including excerpts from a cruise ship doctor's deposition, as well as the five other physicians and a nurse). [ECF Nos. 144-50].

187]. On February 27, 2018, this Court entered an order granting the motion in part and denying it in part. [ECF No. 216].

This Court did not disturb its previous ruling denying Plaintiff's motion for continuance but amended the dismissal of the case to be *without* prejudice and vacated the judgment against Plaintiff. [ECF No. 216, pp. 5, 53]. In so doing, this Court stated that a with-prejudice dismissal was not warranted because there had been no pattern of delay or "history of misconduct" by Plaintiff before the Court's dismissal of the action. [ECF No. 216, pp. 47, 52]. Significantly, this Court noted that Plaintiff had "appeared at every hearing and, until trial, did what was expected of litigants (e.g., working with opposing counsel to prepare a stipulation with exhibit and witness lists)." [ECF No. 216, p. 52].

Although the Court found no pattern of delay or history of misconduct by Ms. Martins before the trial, the Undersigned certainly did not find that she acted in *good* faith on what should have been the first day of trial. To the contrary, the Court flagged conduct that was problematic, to use a diplomatic term. In an earlier order entered the day after the trial was scheduled to begin in 2017, the Court mentioned her explanations for the last-minute request for a trial continuance in a negative light. [ECF No. 180]. Specifically, the Court noted that she asked for a trial continuance on the day of trial because she said she was being "ambushed" by "surprise" witnesses. But the three doctors she described as surprise witnesses had already prepared reports (which were

produced to her prior counsel) and two of the three doctors had already given deposition testimony in the case. And the order granting in part Ms. Martins' motion noted that she "incorrectly stated the procedural history in her motion to alter and amend." [ECF No. 216, p. 47].

On June 4, 2018, the Court held a telephonic scheduling hearing. [ECF No. 238]. During that hearing, the Court mentioned to Ms. Martins the possibility of being represented by an attorney from the Volunteer Attorney Program. The Court followed up that same day with a paperless order, requiring Ms. Martins to, by June 8, 2018, file a notice indicating whether she would be filing a motion for referral to the Volunteer Attorney Program. [ECF No. 239].

On June 8, 2018, Ms. Martins filed the Court-required notice and advised that **"all Plaintiffs are in agreement and have decided Plaintiffs respectfully will <u>not</u> be filing a Motion for referral to the Volunteer Attorney Program at this time."** [ECF No. 240 (emphasis added)]. Although the order did not require verification of the notice, Ms. Martins submitted the notice in the form of a declaration under penalty of perjury. Neither Ms. Martins nor any of the other Plaintiffs (who are part of her immediate family) ever filed a motion concerning the Volunteer Attorney Program after they filed their notice of non-interest in obtaining a volunteer attorney.

On July 3, 2018, this Court entered an Order Specially Resetting Civil Jury Trial and Pretrial Schedule and re-set the trial to commence on December 17, 2018. [ECF No. 245].

On October 26, 2018, this Court entered an identical order re-setting trial for December 18, 2018. [ECF No. 269]. In the order, this Court set a telephonic pretrial conference to occur on December 10, 2018 at 5:30 p.m., stating that "[e]ach party shall be represented at the pretrial conference." [ECF No. 269, pp. 1-2]. This Court also required the parties to meet at least 15 days before the pretrial conference date to confer on the preparation of a pretrial stipulation. [ECF No. 269, p. 2]. This Court warned that, should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, the Court would (upon receipt of a certification by the opposing party stating the circumstances) issue an order requiring the non-cooperating party to show cause why such party failed to comply with the Court's order. [ECF No. 269]. Additionally, this Court's order required the parties to jointly submit proposed jury instructions and verdict forms. [ECF No. 269, p. 3].

As the pretrial conference was scheduled to be held on December 10, 2018, the parties were required to meet on or before November 26, 2018 to discuss the pretrial stipulation. [ECF No. 281, p. 1]. In violation of the Court's trial order, Plaintiff failed to respond to RCCL's request for an in-person meeting and failed to provide any feedback on the proposed Joint Pretrial Stipulation that had been sent to her. [ECF No. 272-2]. On

November 26, 2018, RCCL filed a Certificate of Non-Agreement on the Terms of the Joint Pretrial Stipulation, advising the Court of this circumstance. [ECF No. 272].

On November 27, 2018, this Court entered an Order to Show Cause Regarding Plaintiff's Failure to Comply with Scheduling Order, requiring that, "by 5:00 p.m. on December 3, 2018, Ms. Martins shall show cause, in the form of an affidavit or declaration filed on CM/ECF, why she has failed to cooperate in the preparation of the joint pretrial stipulation, including her alleged refusal to meet with defense counsel or provide feedback to Defendant's proposed joint pretrial stipulation." [ECF No. 274, p. 2].

This Court cautioned that "[i]f Ms. Martins fails to provide compelling reasons for her failure to cooperate and continues to refuse to cooperate, then the Court may impose sanctions on Ms. Martins, including, but not limited to, waiving any objections she may have to the Defendant's pretrial stipulation and requiring Ms. Martins to pay Defendant's attorney's fees and costs for filing its Certificate of Non-Agreement." *Id.*

In violation of this Court's Order to Show Cause, Plaintiff submitted a response that (1) was not in the form of an affidavit or declaration, (2) did not explain why she failed to cooperate in the preparation of the required joint pretrial stipulation, and (3) did not advise the Court that she had started to cooperate. [ECF No. 276].

On December 6, 2018, this Court entered an order regarding Plaintiff's response, noting that, as of two weeks before trial, it still did not know Plaintiff's witnesses or

exhibits because she failed to cooperate with Defendant to file a joint stipulation, had not unilaterally filed her own witness and exhibit lists, and had not announced an intent to rely on the previously-filed exhibit lists attached to the initial pretrial stipulation. [ECF No. 281, p. 3]. Given the procedural history, this Court sanctioned Plaintiff by deeming any objections she may have to the exhibits on RCCL's exhibit list to be waived. [ECF No. 281, p. 4].

At the conclusion of the order, this Court required Plaintiff to file her exhibit and witness lists by December 13, 2018 or to announce her intent to use the earlier-filed lists. *Id.* This Court stated that "[i]f Ms. Martins does not comply, **then the Court will dismiss her case once again**." *Id.* (footnote omitted) (emphasis added).

In addition, pursuant to the trial order, the parties were required to jointly submit proposed jury instructions and verdict forms by December 11, 2018. [ECF No. 269, p. 3]. From December 5 through December 10, 2018, RCCL's counsel sent Plaintiff several e-mails requesting that she advise if she had any changes to her previously-submitted instructions and verdict form or objections in response to RCCL's proposed instructions and verdict form. *Id.* However, instead of either providing RCCL's counsel with any changes or stating that she would rely on her prior submissions, Plaintiff was antagonistic and uncooperative. *Id.*

Plaintiff also refused to sign the Notices of Filing Proposed Jury Instructions and Verdict Forms or to authorize RCCL to include an electronic signature on her behalf.

[ECF Nos. 269; 287-88]. As a result, RCCL unilaterally submitted (on December 11, 2018) the proposed jury instructions and verdict forms and included Plaintiff's prior submissions. [ECF Nos. 287-88].

On December 10, 2018, this Court conducted its previously-scheduled pretrial conference. [ECF No. 284]. Notwithstanding the fact that Plaintiff was duly noticed of the date and time of the pretrial conference in the July 3, 2018 trial order [ECF No. 245, p. 1] and the October 26, 2018 trial order confirmed that date and time [ECF No. 269, p. 1], Plaintiff failed to appear for the conference [ECF No. 284]. RCCL made an *ore tenus* motion to dismiss based on Plaintiff's failure to appear, which this Court denied. The Court advised that it intended to issue a formal show cause order and invited RCCL to file an appropriate motion after that. [ECF No. 284].

Later that same day, this Court entered a Show Cause Order Regarding Plaintiff's Failure to Appear at Required Pretrial Conference. [ECF No. 285]. This Court noted that Plaintiff failed to comply with the requirement in the trial order that Plaintiff participate in the telephonic pretrial conference and that "Plaintiff's failure to comply with the Court Order is the latest in a series of similar violations of court orders concerning the upcoming special-set trial." [ECF No. 285, p. 1]. This Court ordered Plaintiff, by December 12, 2018, to "show cause, in the form of an affidavit or declaration filed on CM/ECF, why she violated the Court's trial scheduling order and failed to appear." *Id.*

This Court also reminded Plaintiff that she had until December 13, 2018 to file her exhibit and witness lists or to announce her intent to use the earlier-filed lists. [ECF No. 285, pp. 1-2]. The Court warned Plaintiff that if she did not file the witness/exhibit lists or submit a compliant response to this show cause order, "then the Court will **dismiss** her case once again" and "[u]nlike the last time, . . . it is likely that any dismissal will ultimately be **with prejudice**." *Id.* at p. 2 (emphasis added).

On December 12, 2018, Plaintiff filed a "*Mindful* Motion for a *Mindful* Partial Summary Judgment on *Per Se* Liability." [ECF No. 293 (emphasis in original)]. In the motion, which was made "[u]nder penalties of perjury" and was notarized, Plaintiff "responded" to both of the Court's show cause orders. [ECF No. 293]. Concerning her failure to appear at the required pretrial conference, Plaintiff represented only that such failure was "obviously inadvertent," without any explanation as to what specifically caused her not to appear. [ECF No. 293, p. 1]. While Plaintiff further suggested that she has been stressed and physically ill over the past several months [ECF No. 293, pp. 1-2], such a general statement, without more, is not a sufficient excuse for failing to appear. Indeed, Plaintiff has not suggested that her alleged condition has otherwise prevented her from participating in this case, and she has been well enough to prepare and file four detailed submissions since November 26, 2018. [ECF Nos. 273; 276; 282; 293].

Regarding the witness/exhibit lists, Plaintiff stated that "laws *correctly* applied require her to remind the Court, *but for all of us still being forced to keep barking up*

*the wrong tree since day one of litigation*, **Matriotic Justice (A5-A6)** would have prevented *Patriotic* **Justicide** and the need to file witness/exhibit lists, etc. for an unlawful unnecessary trial and error *in this open and shut case of killing since day one of litigation*." [ECF No. 293, p. 2 (emphasis in original and footnote omitted)]. Plaintiff did *not* announce an intent to use her earlier-filed exhibit and witness lists or attach new exhibit/witness lists, nor did Plaintiff separately file new exhibit/witness lists by this Court's deadline to do so.

As reflected above, in addition to failing to proceed with the previously-scheduled trial, Plaintiff has violated numerous court orders in the weeks leading up to the December 18, 2018 trial: (1) Plaintiff failed to participate in the drafting of the joint pretrial stipulation, in violation of the trial order entered on October 26, 2018; (2) Plaintiff failed to attend an in-person meeting to discuss the joint pretrial stipulation, in violation of the trial order; (3) Plaintiff failed to submit an affidavit or declaration explaining why she failed to cooperate in the preparation of the required joint pretrial stipulation, in violation of this Court's November 27, 2018 Order to Show Cause; (4) Plaintiff failed to participate in preparing, and jointly submitting, proposed jury instructions and verdict forms, in violation of the trial order; (5) Plaintiff failed to attend the telephonic pretrial conference, in violation of the trial order; (6) Plaintiff failed to provide an adequate explanation for why she failed to attend the pretrial conference, in violation of this Court's December 10, 2018 Order to Show Cause; and (7) Plaintiff failed

to file her exhibit and witness lists by December 13, 2018 or to announce her intent to use her earlier-filed lists, in violation of this Court's December 6, 2018 Order.

The Court provided Ms. Martins with the opportunity to argue that RCCL's motion to dismiss should not result in a with-prejudice dismissal [ECF No. 296], and she submitted what she called her "*Mindful* Memorandum in Opposition to Defendant's *Mindless* Motion to Dismiss *with* Prejudice" [ECF No. 299]. In the memorandum, Ms. Martins noted that she filed it on December 19, 2018, long before the expiration of the Court-imposed January 4, 2019 deadline. The memorandum argues that a dismissal of the lawsuit, with or without prejudice, "will make lies prevail over truth." [ECF No. 299, p. 6].

The memorandum does not substantively address the arguments RCCL advanced to support its request for a with-prejudice dismissal. It asked the Court to take judicial notice "of the foregoing facts of life, killing, due process of law defiled as due process of lie so far and pass its legally valid and enforceable Order *resurrecting* Matriotic Justice still being assassinated by still ongoing *Patriotic* Justicide as required by everyone's **unanimous belief** in the **everlasting legal lightbulb** so that a blind eye is **not turned to claim not seeing it all** in the **everlasting legal lightbulb** since day one." [ECF No. 299, p. 3 (emphasis in original)].

Ms. Martins signed the memorandum in front of a notary public, who signed and stamped the "notary acknowledgment." *Id.* Ms. Martins signed the memorandum as "*Matriarch Pro-Se* Attorney-in-Fact." *Id.* (emphasis in original).

The memorandum did not, as required by Court Order, "explain why the dismissal should not be with prejudice." [*See* ECF No. 296].

Ms. Martins then filed an unauthorized "*Supplemental* Memorandum in Opposition to Defendant's *Mindless* Motion to Dismiss *with* Prejudice" [ECF No. 300 (emphasis in original)]. Setting aside the fact that the supplemental memorandum was unauthorized, it did not, once again, and contrary to the Court's order, explain why the dismissal should not be with prejudice.

Plaintiff did not, in either memorandum, attempt to refute or justify any of her misconduct enumerated in RCCL's motion to dismiss, argue that RCCL was not prejudiced by such misconduct, or demonstrate that lesser sanctions than a dismissal with prejudice would suffice. Plaintiff also did not cite ***any*** legal authority in her memoranda, let alone any authority supporting her presumed position that this Court's dismissal should not be with prejudice. Instead, Plaintiff insulted RCCL and the judicial process and made several inflammatory comments.[2]

---

[2]     Plaintiff compared an alleged quarantine of Plaintiff's family to "Nazi Concentration Camps," referred to RCCL as a "killer" using litigation to make "Plaintiffs sitting duck targets for target shootings," and alleged that she has been "prostituted" as a result of RCCL and the "zealous lawyering" by its defense counsel. [ECF Nos. 299, p. 2; 300, pp. 2-5].

In its reply, RCCL summarized the points it made in its motion and asked for a with-prejudice dismissal "as a sanction based on Plaintiff's clear pattern of delay and deliberate refusal to comply with the directions of this Court." [ECF No. 301, p. 3].

## Applicable Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, Federal Rule of Civil Procedure 16(f)(1) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate -- or does not participate in good faith -- in the conference; or (C) fails to obey a scheduling or other pretrial order. The sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

There is no question that Plaintiff failed to appear at the mandatory pretrial conference and failed to comply with several pretrial orders. Thus, this Court is authorized to dismiss this action under Rules 41(b), 16(f), and 37(b)(2)(A)(v). This Court may also dismiss this action under Local Rule 16.1, which sets forth requirements regarding pretrial procedures and states that failure to comply "will subject the party or

counsel to appropriate penalties, including but not limited to dismissal of the cause . . . ." S.D. Fla. L. R. 16.1(I).

The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f). *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

A dismissal with prejudice under either rule is appropriate where (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct) and (2) the district court specifically finds that lesser sanctions would not suffice. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-78 (11th Cir. 2005); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

A *pro se* plaintiff[3] is responsible for following court orders and is subject to the same sanctions as any other litigant. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Trial courts may dismiss matters with prejudice "to control their dockets. Just as citizens must obey laws, lawyers and parties must obey orders. Only then can our courts administer a system of justice." *See Ulysse v. Waste Mgmt., Inc. of Florida*, 617 Fed. App'x 951, 952 (11th Cir. 2015).

---

[3]     As noted above, Ms. Martins and her family members specifically declined the opportunity to have a lawyer from the Volunteer Attorneys Program represent them after their first attorney was given leave to withdraw (because of conflicting positions between counsel and the Plaintiffs about the purported settlement agreement).

In our circuit, a frequently-cited authority is *Goforth v. Owens*, 766 F.2d 1533 (11th 1985), where the appellate court affirmed the with-prejudice dismissal of a plaintiff's action under circumstances similar to those presented here. In *Goforth*, the district court found that plaintiff's counsel engaged in a pattern of delay and deliberately refused to comply with the directions of the court, noting that (1) despite the court's repeated insistence that plaintiff's counsel submit a preliminary statement, plaintiff's counsel failed to submit such a statement; (2) plaintiff's counsel failed to appear for a pretrial conference as an alternative to submitting a preliminary statement; and (3) plaintiff's counsel disobeyed the court's instruction to be ready to proceed with trial. 766 F.2d at 1535. The court found that any sanction lesser than dismissal would not have served the interests of justice, as a further delay in trial would have greatly prejudiced defendants. *Id.* The Eleventh Circuit found that the trial court acted within the bounds of its discretion. *Id.* at 1535-36.

In deciding whether its previous dismissal for failure to prosecute should be with or without prejudice, this Court determined earlier in this case that *Goforth* was inapposite because Ms. Martins had appeared at every hearing and worked with RCCL's counsel to prepare a stipulation with exhibit and witness lists before the initial trial setting.

**But that was then and this is now.**

This time around, Plaintiff has failed to comply with *any* of the requirements of the trial order in advance of the present trial setting. Like the plaintiff in *Goforth*, Plaintiff failed to cooperate in the preparation of a joint pretrial stipulation (either by participating in the drafting of the stipulation or in attending an in-person meeting) and failed to attend a mandatory pretrial conference. Indeed, the facts are even more egregious here, as Plaintiff also failed to comply with *three* show cause orders and did not cooperate in the preparation of proposed jury instructions and verdict forms in accordance with the trial order.

As a result of Plaintiff's continued non-compliance with Court orders, RCCL was still unaware, four days before trial was scheduled to begin, of Plaintiff's witnesses or exhibits or potential changes to her previously-filed proposed jury instructions and verdict form. Plaintiff's pattern of delay and willful failure to comply with Court orders has severely prejudiced RCCL in its preparation of its case for trial.

RCCL contends that Plaintiff should not be permitted to flout all of this Court's pretrial requirements and then proceed to trial while putting RCCL at an extreme disadvantage due to Plaintiff's failure to provide required information. *See generally Peters-Turnball v. Bd. Of Educ.*, No. 96 CIV. 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (stating "[a] court need not beg a party to comply with its orders"); *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, No. 10-CV-1762, 2011 WL 2490808, at *3 (S.D.N.Y. June 22, 2011) (same).

The Undersigned finds that Plaintiff's non-compliance is willful, as she has been put on express notice multiple times that her case would be dismissed should she fail to comply with the Court's Orders. *See Vilsant v. Saxon Mortgage Services, Inc.*, No. 08-61148, 2009 WL 413724, at *3 (S.D. Fla. Feb. 18, 2009) (granting with-prejudice dismissal of lawsuit after willful, repeated, and un-ending violations of discovery orders and discovery rules).[4]

Lesser sanctions than a dismissal with prejudice would not provide an adequate remedy. This Court previously imposed lesser sanctions, such as electing to dismiss the action *without* prejudice when Plaintiff substantially inconvenienced the parties and the Court by failing to proceed with trial in November 2017 and in subsequently deeming certain objections waived as a result of Plaintiff's failure to comply with an order. These sanctions have not deterred Plaintiff from future non-compliance.

As already highlighted in this Order, Plaintiff has failed to properly respond to any of the three show cause orders entered by this Court. As the court noted in *Vilsant*, "Plaintiffs' lack of response to the Order to Show Cause is telling, as it shows that no civil remedy that this Court can now envision would achieve compliance at this point." 2009 WL 413724 at *5.

---

[4] Plaintiff's pre-trial conduct suggests that she decided to adopt an across-the-board strategy of being difficult. Thus, to provide one illustration, she refused to agree to the authenticity of records, requiring RCCL to take depositions of myriad records custodians. [ECF No. 270, pp. 1-2].

Given this history (which amply demonstrates that Ms. Martins was warned of the consequences of continued intransigence), a with-prejudice dismissal is undoubtedly warranted. *Zocaras v. Castro,* 465 F.3d 479, 484 (11th Cir. 2006) (explaining that a district court need not explicitly consider lesser sanctions and reject them in order to dismiss with prejudice). Importantly, our appellate court has explained that "dismissal upon disregard of an order, especially where the litigant has been **forewarned**, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (involving a *pro se* litigant who "stubbornly violated the Federal Rules and court orders"); *see Nurse v. Sheraton Atlanta Hotel*, 618 Fed. App'x 987 (11th Cir. 2015) (affirming with-prejudice dismissal of *pro se* plaintiff's civil rights lawsuit); *Williams v. Talladega Cmty. Action Agency*, 528 Fed. App'x 979 (11th Cir. 2013) (affirming with–prejudice dismissal of *pro se* lawsuit asserting myriad claims against banks, lawyers, and a non-profit agency after plaintiff failed to comply with order requiring re-filed complaint by a date certain).[5]

---

[5] District courts in the Southern District of Florida do not hesitate to enter with-prejudice dismissal orders under appropriate circumstances. *See, e.g., Jallali v. USA Funds,* No. 11-62510, 2013 WL 12080741, at *4 (S.D. Fla. May 24, 2013) (dismissing with prejudice after plaintiff violated court orders and the federal rules on numerous occasions), *aff'd,* 573 Fed. App'x 915 (11th Cir. 2014); *Murphy v. Hurtado,* No. 16-23562, 2017 WL 7794279 (S.D. Fla. Sept. 20, 2017) (affirming bankruptcy judge's order dismissing an adversary proceeding, noting that the dismissal was with prejudice because the passage of time precluded a re-filing and rejecting argument that deficiencies were attributable to only counsel).

**Conclusion**

The Court **grants** RCCL's motion and **dismisses** this case **with prejudice**. A without-prejudiced dismissal would be inadequate to ameliorate the substantial prejudice that RCCL has already sustained. Given Plaintiff's pattern of violating court orders, a with-prejudice dismissal is amply warranted.

All other pending motions are **denied without prejudice** as being moot.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 16, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
All Counsel of Record

Marla Martins, *Pro Se*
7687 Forestay Drive
Lake Worth, Florida 33467